## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

DOUGLAS CHAVEZ, *et al.*,

        *Plaintiffs*,

    v.

VERIZON COMMUNICATIONS INC., *et al.*,

        *Defendants*.

Civil Action No. 24 - 2051 (LLA)

## MEMORANDUM OPINION

Plaintiffs Douglas Chavez, Brian Montesinos, and Ever Lovo bring this suit, individually and on behalf of others similarly situated, against Defendants Verizon Communications Inc., Verizon Sourcing LLC, and Raymond Odom for violations of the District of Columbia's wage laws. ECF No. 12. Before the court is Plaintiffs' motion to remand the case to the Superior Court of the District of Columbia. ECF No. 11. The motion is fully briefed. ECF Nos. 11, 18, 19. For the reasons explained below, the court will remand the case to Superior Court.

## I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The court accepts the following factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiffs were employed by JJB DC, Inc. ("JJB"), which is a "construction company incorporated in the District of Columbia [that] performed construction work as a subcontractor for several companies in the District," including the Verizon Defendants. ECF No. 12 ¶ 10. Plaintiffs were directly supervised by Defendant Raymond Odom, the Chief Operating Officer of JJB. *Id.* ¶ 7. Mr. Odom set Plaintiffs' work schedules, determined how many hours they would work, and directed the specific tasks that they would perform. *Id.* ¶¶ 12-15. He also set Plaintiffs' pay

rates and was responsible for disbursing Plaintiffs' wages. *Id.* ¶ 16. However, "[o]verall supervision and control of the work performed on any project always remained with Verizon." *Id.* ¶ 23. Plaintiffs each allege that they were not paid for hours of work they performed for JJB, including on projects where JJB operated as a subcontractor to Verizon, in violation of the District of Columbia's Minimum Wage Act, D.C. Code § 32-1001 *et seq.*, and its Wage Payment and Collection Law, D.C. Code § 32-1301 *et seq.* ECF No. 12 ¶¶ 2, 31-36.

In April 2024, Plaintiffs filed this action in Superior Court. *See* ECF No. 1-1. In July 2024, the Verizon Defendants removed the case to this court pursuant to 28 U.S.C. § 1441. *See* ECF No. 1, at 1-2. The Verizon Defendants cited two bases for federal jurisdiction: (1) 28 U.S.C. § 1332(a), because the parties are residents of different states and the amount in controversy exceeds $75,000, ECF No. 1 ¶¶ 5-26; and (2) 28 U.S.C. § 1334(b), because the case is "related to" JJB's pending bankruptcy matter in federal court, ECF No 1 ¶¶ 27-32; *see In re* JJB D.C., Inc., No. 23-BK-214 (Bankr. D.D.C. filed Aug. 2, 2023).

Shortly after removing the case to this court, the Verizon Defendants moved to dismiss. ECF No. 6. Plaintiffs then filed an amended complaint, ECF No. 12, which rendered the Verizon Defendants' motion to dismiss moot, *see* Aug. 19, 2024 Minute Order, and they additionally moved to remand this case to Superior Court, ECF No. 11.

In August 2024, the parties asked that the case be stayed while they engaged in settlement negotiations. *See* Aug. 29, 2024 Minute Order. After attempts to resolve the dispute amicably proved unfruitful, *see* Nov. 27, 2024 Minute Order, the court lifted the stay, *see* Dec. 16, 2024 Minute Order, and the parties completed briefing on Plaintiffs' motion to remand, ECF Nos. 18-19. The motion is now ripe for resolution.

## II.    LEGAL STANDARDS

### A.    Removal

"A civil action filed in state court may only be removed to a United States district court if the case could originally have been brought in federal court." *Nat'l Consumers League v. Flowers Bakeries, LLC*, 36 F. Supp. 3d 26, 30 (D.D.C. 2014). There are several procedural requirements for removal. As relevant here, when a case that involves multiple defendants is removed under 28 U.S.C. § 1441(b)(2), the rule of unanimity requires that "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2); *see Hurt v. District of Columbia*, 869 F. Supp. 2d 84, 86 (D.D.C. 2012) (collecting cases). "Unless all defendants express such consent to removal in a timely manner [within 30 days], the removal procedure is defective." *Scherling v. Chubb Ltd.*, No. 23-CV-1303, 2024 WL 1213401, at *5 n.3 (D.D.C. Mar. 21, 2024) (alteration in original) (quoting *Williams v. Howard Univ.*, 984 F. Supp. 27, 29 (D.D.C. 1997)), and "a plaintiff's timely motion for remand will generally be granted," *Hurt*, 869 F. Supp. 2d at 86. "A failure by defendants to obtain timely unanimous consent for removal is not a curable defect if the plaintiff [timely] objects to that removal." *Hurt*, 869 F. Supp. 2d at 86.

There are three exceptions to the rule of unanimity: "(1) where one or more of the defendants has not yet been served with the initial pleading when the removal petition was filed; (2) where a defendant is only a nominal or formal party-defendant; and (3) where the removed claim is separate and independent under 28 U.S.C. § 1441(c)." *Id.* at 87. Where any of these conditions exist, any defendant may remove a case without the consent of its co-defendants.

### B.    Remand

It is the burden of the party opposing a motion to remand to demonstrate that the federal court has subject matter jurisdiction.  *See Int'l Union of Bricklayers & Allied Craftworkers v. Ins. Co. of The W.*, 366 F. Supp. 2d 33, 36 (D.D.C. 2005).  "Because federal courts are courts of limited jurisdiction, the removal statute is to be strictly construed."  *Kopff v. World Rsch. Grp., LLC*, 298 F. Supp. 2d 50, 54 (D.D.C. 2003).  Therefore, "the court must resolve any ambiguities concerning the propriety of removal in favor of remand."  *Int'l Union of Bricklayers & Allied Craftworkers*, 366 F. Supp. 2d at 36 (quoting *Johnson-Brown v. 2200 M St. LLC*, 257 F. Supp. 2d 175, 177 (D.D.C. 2003)).

### III.    DISCUSSION

The Verizon Defendants offered two jurisdictional bases for removal pursuant to 28 U.S.C. § 1441: 28 U.S.C. § 1332(a) and 28 U.S.C. § 1334(b).  ECF No. 1 ¶¶ 5, 27.  The court considers each basis for removal in turn.

### A.    Removal on the Basis of 28 U.S.C. § 1332(a)

The Verizon Defendants assert that this court has diversity jurisdiction under 28 U.S.C. § 1332(a) because the parties are citizens of different states and the amount in controversy exceeds $75,000, making removal proper under 28 U.S.C. § 1441(b).  ECF No. 1 ¶ 26.  Plaintiffs argue that removal of this case pursuant to 28 U.S.C. § 1441 was procedurally deficient because Mr. Odom, a co-defendant, did not consent to removal.  ECF No. 11, at 2; *see* ECF No. 1 ¶ 35; 28 U.S.C. § 1446(b)(2).  The Verizon Defendants respond that Mr. Odom had not been properly served at the time they filed their notice of removal, thereby rendering his consent unnecessary.  ECF No. 18, at 1.  Plaintiffs reply that the Verizon Defendants may not challenge

the sufficiency of service on Mr. Odom, ECF No. 19, at 2-3, and that, in any event, service on Mr. Odom was proper, *id.* at 3-4.

The court first considers whether the Verizon Defendants properly removed this case under 28 U.S.C. § 1441. As described, the rule of unanimity typically requires that all defendants consent to the removal of an action from state court to federal court. *Hurt*, 869 F. Supp. 2d at 86. The Verizon Defendants argue that unanimity is not required because this case falls into the exception to the rule "where one or more of the defendants has not yet been served with the initial pleading when the removal petition was filed." *Id.* at 87.[1]

The parties vehemently disagree whether Mr. Odom had been properly served at the time the Verizon Defendants filed their notice of removal. In their notice, the Verizon Defendants contend that because "co-defendant Mr. Odom has not yet been served in this matter . . . Verizon is not required to seek his consent to this removal." ECF No. 1 ¶ 35. To support their assertion that Mr. Odom had not yet been served, the Verizon Defendants point to the Superior Court's docket, which did not reflect proof of service on Mr. Odom. *Id.* (citing ECF No. 1-9).

In response, Plaintiffs argue that they had served Mr. Odom but had not yet filed proof of service on the docket at the time the Verizon Defendants removed the case. ECF No. 11, at 2-3. In support of this argument, Plaintiffs provide an affidavit from their process server, signed on July 15, 2024, in which the process server avers that service was effected on July 10, 2024 when

---

[1] There is also an exception to the rule of unanimity "where a defendant is only a nominal or formal party-defendant." *Hurt*, 869 F. Supp. 2d at 87. Defendants do not raise this exception, *see* ECF No. 18, so the court does not consider it.

the process server personally served "James Johnson," a co-resident of Mr. Odom's, at their usual place of residence in Virginia.  ECF No. 10.[2]

The Verizon Defendants respond with a declaration from Mr. Johnson, in which he claims that—contrary to the statements in the affidavit of the process server, ECF No. 10—Mr. Odom is his father-in-law, ECF No. 18-1 ¶¶ 5-6, he does not live at Mr. Johnson's residence, and Mr. Johnson informed the process server of that fact and refused to accept service on Mr. Odom's behalf, *id.* ¶ 5.

Plaintiffs thereafter presented two declarations of their own.  The first is the declaration of Rodney Dowty, a manager with the company that employed Plaintiffs' process server.  ECF No. 19-1 ¶ 2.  Mr. Dowty, who is "personally familiar" with the company's attempts to serve Mr. Odom, *id.*, avers that the process server received confirmation from Mr. Johnson that both Mr. Johnson and Mr. Odom lived at the residence where service was effected, *id.* ¶ 8.  Plaintiffs also provided the declaration of Jonathan Abetti, a private investigator, who avers that his investigation confirmed that the address at which the process server attempted to serve Mr. Odom was indeed his place of residence.  *See* ECF No. 19-2.

It is evident that the question whether service was properly effected on Mr. Odom is heavily contested by the parties, and the record does not point to a clear answer.  However, to resolve the motion to remand, the court need not sift through the contradictory facts to determine whether service was properly effected.  This is because it is the Verizon Defendants' burden to

---

[2] The parties dispute whether Mr. Odom's usual place of residence is located in Viriginia, and thus disagree on whether Virgina service rules apply.  *See* ECF No. 18, at 6 & n.3; ECF No. 19, at 3-4.  However, whether considered under federal, District of Columbia, or Virginia service rules, if Mr. Johnson were Mr. Odom's co-resident, it was proper to effect service on Mr. Odom by providing the service package to Mr. Johnson at their joint place of residence.  *See* Fed. R. Civ. P. 4(e)(2)(B); D.C. Super. Ct. R. 4(e)(2)(B); Va. Code Ann. § 8.01-296.

show that the federal court has removal jurisdiction. *See Int'l Union of Bricklayers & Allied Craftworkers*, 366 F. Supp. 2d at 36. Here, given the murkiness of the record, the Verizon Defendants have failed to carry this burden. And because "the court must resolve any ambiguities concerning the propriety of removal in favor of remand," *id.* (quoting *Johnson-Brown*, 257 F. Supp. 2d at 177), the uncertainty as to whether Mr. Odom was properly served militates in favor of remand.

### B.        Removal on the Basis of 28 U.S.C. § 1334(b)

Alternatively, the Verizon Defendants argue that this court has jurisdiction under 28 U.S.C. § 1334(b), which provides the federal court with original, but not exclusive, jurisdiction over civil proceedings related to Title 11 bankruptcy cases. ECF No. 1 ¶¶ 27-33. They further contend that removal under 28 U.S.C. § 1334(b) "does not require the consent of all defendants." ECF No. 18, at 1. As support, they cite *Fromhart v. Trucker*, No. 11-CV-97, 2011 WL 5202239, at *3 (N.D. W. Va. Oct. 31, 2011), in which that court found that the rule of unanimity did not apply to a case removed pursuant to 28 U.S.C. § 1452 on the basis of 28 U.S.C. § 1334(b). ECF No. 18, at 6-7 (explaining that "the differences in language between [28 U.S.C.] § 1441 and [28 U.S.C.] § 1452" permit "any party . . . 'to remove the state court action without the consent of the other parties'" (quoting *Creasy v. Coleman Furniture Corp.*, 763 F.2d 656, 660 (4th Cir. 1985))).

Plaintiffs respond that the Verizon Defendants did not remove this case pursuant to 28 U.S.C. § 1452, such that there is no need to consider whether the rule of unanimity applies to removals under that statute. ECF No. 19, at 4-5. They further argue that the rule of unanimity may apply to removals pursuant to 28 U.S.C. § 1452. ECF No. 19, at 5. The court agrees with Plaintiffs' first argument, making it unnecessary to consider their second.

When federal jurisdiction is based on 28 U.S.C. § 1334(b), a case can be removed either pursuant to 28 U.S.C. § 1441 or pursuant to 28 U.S.C. § 1452.  That is because 28 U.S.C. § 1441 permits removals where the federal court has original jurisdiction, as it does with claims under 28 U.S.C. § 1334(b), and 28 U.S.C. § 1452 permits removals specifically in cases involving claims under 28 U.S.C. § 1334(b).  *See Sykes v. Tex. Air Corp.*, 834 F.2d 488, 491 (5th Cir. 1987) (explaining that "there is in every bankruptcy case the potential for both 'direct' § 1452/§ 1334 removal and 'indirect' § 1441/§ 1334 removal").  In their notice of removal, the Verizon Defendants cite only 28 U.S.C. § 1441 as the statutory mechanism for removal.  ECF No. 1, at 1 & ¶ 4.  For the reasons already explained, removal pursuant to 28 U.S.C. § 1441 requires unanimity among the removing defendants, which has not been established here.  *See supra* Part III.A.

While the Verizon Defendants could have attempted to remove the case pursuant to 28 U.S.C. § 1452, they did not.  They mention 28 U.S.C. § 1452 only in opposition to Plaintiffs' motion to remand.  ECF No. 18, at 6-7.  When the notice of removal does not contain a particular basis for removal, the court will not considerate it.  *JBG Smith Props. v. Powell*, No. 24-5023, 2024 WL 2842289, at *1 (D.C. Cir. June 5, 2024); *Denizen Dev., L.L.C. v. Saxon*, 850 F. App'x 7, 8 (D.C. Cir. 2021).  There is thus no basis for the court to consider whether the rule of unanimity applies to removals under 28 U.S.C. § 1452.[3]

---

[3]  Because the court determines that the Verizon Defendants did not sufficiently plead 28 U.S.C. § 1452 as a basis for removal, it need not address whether jurisdiction is properly asserted under 28 U.S.C. § 1334(b) or whether abstention is merited under 28 U.S.C. § 1334(c). *See* ECF No. 19, at 5.

## IV.    CONCLUSION

For the foregoing reasons, the court will grant Plaintiffs' motion to remand, ECF No. 11.[4]

A contemporaneous order will issue.

_____
LOREN L. ALIKHAN
United States District Judge

Date:   March 4, 2025

---

[4] Should Mr. Odom appear in Superior Court, the thirty-day window for removal will be reset, and—with the consent of all parties—Defendants may unanimously seek removal. *See Holmes v. PHI Serv. Co.*, 437 F. Supp. 2d 110, 116 (D.D.C. 2006).